IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| KEITH McKOIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-14-177-RAW |
| | ) | |
| HUBER ENGINEERED WOODS, LLC, | ) | |
| | ) | |
| Defendant/Third-Party Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| RAB, INC., | ) | |
| | ) | |
| Third-Party Defendant. | ) | |

## ORDER

Before the court is the motion for summary judgment of third-party defendant RAB, Inc. ("RAB"). Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and [it] is entitled to judgment as a matter of law." Rule 56(a) F.R.Cv.P. The record is viewed in the light most favorable to the party opposing summary judgment. *Bohn v. Park City Grp., Inc.,* 94 F.3d 1457, 1460 (10th Cir.1996).

Plaintiff was an employee of RAB and had finished his work shift at the Huber Engineered Woods, LLC ("Huber") mill in Broken Bow, Oklahoma on December 13, 2013. Leaving the Huber mill required one to sign out at the guard/scale house. The complaint alleges that plaintiff stepped out of the vehicle in which he was a passenger and stepped into "a hole or gap between the pavement the truck was on and the adjoining scale(s)." (Complaint at ¶10). Plaintiff sues Huber for negligence.

Huber filed a third-party complaint against RAB, alleging that the Purchase Order (by which Huber contracted with RAB for the work to be done) states that the offer was subject to Huber's Terms and Conditions. Among those terms and conditions is ¶13, which provides as follows:

> **Indemnity.** To the fullest extent permitted by applicable law, Seller agrees to indemnify and hold harmless Buyer, its subsidiaries, affiliates, successors, assigns, directors, officers, employees, agents, customers and users of its products against any and all claims, demands, losses, damages, liabilities and obligations, including, without limitation, costs, expenses and attorneys' fees arising out of or relating to: (a) any claim that the Goods or Buyer's use of the Goods constitutes an infringement of any patent, copyright, trademark, trade name, service mark or other proprietary right; (b) any claim that the Goods are defective; (c) any breach of warranty by Seller; or (d) the manufacture, use, sale, delivery or installation of the Goods. For any claim arising under (a) above, Seller shall have the right, at its sole expense, to obtain for Buyer the right to continue using the Goods or to modify or replace the Goods in a manner acceptable to Buyer in its sole discretion. Buyer shall notify Seller as soon as practicable of any claim under this Paragraph. At buyer's request, Seller shall promptly assume full responsibility for the defense of any suit or proceeding described in this Paragraph.

Additionally, Paragraph 24 of the Purchase Order states in pertinent part: "To the extent not inconsistent with the terms set forth herein, this Purchase Order shall be governed by the Uniform Commercial Code as adopted in the State of North Carolina and shall otherwise be governed by the internal laws (notwithstanding the conflict of law provisions thereof) of the State of North Carolina."

2

RAB moves for summary judgment largely based upon section 22B-1 of the General Statutes of North Carolina, which prohibits certain contract clauses requiring the promisor to indemnify the promisee. The court does not reach this issue, because it concludes no pertinent indemnity agreement exists between Huber and RAB.[1]

Pursuant to North Carolina law, "[w]hen interpreting a contract of indemnity, the rules of contract construction apply." *Old Republic Surety Co. v. Reliable Housing, Inc.*, 572 S.E.2d 442, *2 (N.C.App.2002). Indemnity agreements are generally to be construed to cover all loses, damages, and liabilities which reasonably appear to have been within the contemplation of the parties, but not those which are neither expressed nor reasonably inferrable from the terms. *Id.*

A reading of ¶13 demonstrates that the word "negligence" does not appear. The paragraph is clearly directed toward rights and remedies under the UCC. This reading is strengthened by reference to the passage from ¶24 quoted earlier. Huber offers the following interpretation: "'Goods' is defined as that which is specified on the face of the Purchase Agreement, at the price and delivery date so specified. Thus, the term 'Goods,' as defined, can include both goods and services, and is not limited to the definition promulgated by the Uniform Commercial Code." (#20 at 2).

---

[1] This argument is not directly made in RAB's motion for summary judgment, but it does appear (albeit under a section titled "Oklahoma law") in RAB"s earlier motion to dismiss (#17), which remains pending. This case was transferred to the undersigned with the motion to dismiss pending several months. To comply with the dispositive motion deadline under the scheduling order, RAB filed the present motion shortly thereafter.

The court disagrees. Issues of contract interpretation are matters of law. *See Mecklenburg County v. Simply Fashion Stores, Ltd.,* 704 S.E.2d 48, 52 (N.C.App.2010). Paragraph 1 of the Purchase Order defines "Goods" not, as Huber argues, as "that which is specified on the face of the Purchase Agreement" but as "<u>the goods</u> specified on the face hereof." (Emphasis added). This language does not transform the word "Goods" to include services. The Uniform Commercial Code applies to transactions in goods. *See* N.C.G.S. §25-2-102. It does not apply to contracts for the provision of services.[2] *Troche v. Bimbo Foods Bakeries Distribution, Inc.,* 2014 WL 1669112, *4 (W.D.N.C.2014). The Purchase Order is a standard form provided by Huber to its contractors. A written contract is construed against the party who drafted it. *State v. Philip Morris USA Inc.,* 618 S.E.2d 219, 225 n.14 (N.C.2005).

The court concludes ¶13 does not create an indemnity agreement regarding negligence between Huber and RAB. Because that is the basis of Huber's Third-Party Complaint, the motion is granted.[3]

---

[2] Here, RAB undisputedly provided repair <u>services</u> under the agreement.

[3] In its response (#36) Huber stated that the motion was premature and additional discovery was required. No supplement has been filed but in any event the court is ruling based upon contract interpretation as a matter of law.

It is the order of the court that the motion for summary judgment (#34) is GRANTED. Huber's Third-Party Complaint (#12) is dismissed. RAB's earlier motion to dismiss (#17) is deemed moot.

**ORDERED THIS 20th DAY OF JULY, 2015.**

**Dated this 20th day of July, 2015.**

Ronald A. White
United States District Judge
Eastern District of Oklahoma